UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DEBORAH SIEVEKING, | ) |
| Plaintiff, | ) |
| v. | ) 4:08-cv-45-DFH-WGH |
| RELIASTAR LIFE INSURANCE COMPANY and MADISON NATIONAL LIFE INSURANCE COMPANY, | ) |
| Defendants. | ) |

# ORDER DENYING PLAINTIFF'S
# MOTION TO COMPEL

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion to Compel filed by the plaintiff on February 26, 2009. (Docket No. 70). Defendants filed their Memorandum of Law opposing the motion on March 16, 2009. (Docket No. 74). Plaintiff's Reply in support of her motion was filed on March 30, 2009. (Docket No. 76).

The Magistrate Judge, being duly advised, now **DENIES** the plaintiff's Motion to Compel.

Plaintiff has been denied disability benefits under a long-term disability policy issued by defendant Reliastar Life Insurance Company and administered by defendant Madison National Life Insurance Company. Because the plaintiff is employed by a governmental entity, this matter is exempt from the Employee Retirement and Income Security Act. The plaintiff, therefore, filed her Complaint in

State court alleging a breach of contract for the refusal to pay her disability benefits and, in addition, alleging that the defendants have violated the covenant of good faith and fair dealing in several ways, including, but not limited to:

(a) refusing to pay the plaintiff's benefits when liability on the part of Reliastar and Madison National is clear;

(b) failing to conduct a proper investigation of this claim before denying the claim and during the appeal of the termination of benefits;

(c) compelling the insured to initiate this litigation to recover the amount due her under the terms of the policy; and

(d) ignoring the statements of the plaintiff's treating physicians who adamantly report that the plaintiff is unable to work.

(Amended Complaint).

The case was removed to this court based on diversity of citizenship after concluding that the jurisdictional amount was at issue. The parties have begun discovery.

The issue before this court then involves the scope of discovery which should be allowed in a claim brought under Indiana state law for breach of contract and breach of duty of good faith and fair dealing.

In *Erie Ins. Co. v. Hickman by Smith,* 622 N.E.2d 515, 518-19 (Ind. 1993), the Indiana Supreme Court confirmed that an insurer has a duty to deal in good faith with its insured. The precise extent of the insurer's duty of good faith was not completely defined. However, it is clear that an insurance company may not: (1) make an unfounded refusal to pay policy proceeds; (2) cause an unfounded delay in making payment; (3) deceive the insured; or (4) exercise an unfair advantage to

pressure an insured into settlement of a claim.  Additionally, the Indiana Code, at I.C. 27-4-1-4.5, provides that an insurer commits an "unfair claims settlement practice" by:

> (3)  Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.
>
> (4)  Refusing to pay claims without conducting a reasonable investigation based upon all available information.

In *Freidline v. Shelby Ins. Co.,* 774 N.E.2d 37 (Ind. 2002), the Indiana Supreme Court held that to prove bad faith, a plaintiff must establish by clear and convincing evidence that the insurer had knowledge that there was no legitimate basis for denying liability.  The Indiana Supreme Court, in *Monroe Guar. Ins. Co. v. Magwerks Corp.,* 829 N.E.2d 968, 977 (Ind. 2005), further explained that "[a]s a general proposition, '[a] finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will.'" (quoting *Colley v. Indiana Farmers Mut. Ins. Group,* 691 N.E.2d 1259, 1261 (Ind.Ct.App. 1998), trans. denied).

During the course of discovery, the defendants have indicated that Reliastar contracts with a claims review firm known as Independent Medical Services Corporation ("IMS") to review claims and recommend their disposition.  That particular service was employed in the plaintiff's case.

In a motion to compel filed earlier in State court, and ruled on by this court (see Docket No. 30), plaintiff sought to obtain disclosure of all files reviewed by IMS during a two-year period of time relevant to the plaintiff's claim.  In our Order on

the prior Motion to Compel, this court concluded that the production of all files during this time period reviewed by IMS was not reasonably likely to lead to the discovery of evidence relevant to this plaintiff's claim, and would be unduly burdensome.[1] However, the court did order the defendants to supplement their interrogatory answer to identify the total number of claims reviewed by IMS, and the total number of those claims which were denied as the result of the IMS recommendation. The Magistrate Judge concluded that producing such data would allow the court to determine whether IMS was truly an independent reviewer of claims, or whether it might be viewed as a rubber stamp for the insurance company to establish an arguable basis to deny claims.[2]

The defendants have responded in a supplemental answer to interrogatory that IMS reviewed 97 files during the appropriate time period, and that of those files, only 40 of the claims were denied.

The plaintiff has now moved to compel the production of the 97 files for their own review of the decisions of IMS. The plaintiff argues that it is a difficult standard to establish bad faith and that a review of these documents is required to allow the plaintiff to make an appropriate showing of the breach of duty of good faith and fair dealing.

---

[1] The court believes that review of disability claims is an extremely fact-sensitive task, usually performed by many different people in any given company, and that it would be very difficult to draw conclusions about bias from decisions made on claims of other people.

[2] Had the data indicated that an extremely large percentage of claims were denied by IMS, that evidence might have warranted a closer examination of the underlying claims files.

In this case, the Magistrate Judge concludes that the files of other claimants are irrelevant to the plaintiff's claim.  Under these circumstances, where IMS and Reliastar concluded that over half of the claimants should receive benefits, there is no showing of substantial bias that arises from the use of IMS.  The fact that some 40 of 97 other claims were denied would simply expand the scope of this litigation to an unreasonable degree.  In order to establish relevance, the plaintiff would need to determine what medical conditions were involved in the other claims, and whether the language involved in the other policies was precisely the same as that within the plaintiff's policy.  This effort is an undue burden upon the defendants to provide the materials and prepare to defend against some such 40 claims.  The relevancy of other denials is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the potential jury in this case, and undue delay and waste of time.  Because the evidence sought by the plaintiff under the current Motion to Compel is irrelevant, the motion is **DENIED.**

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** April 20, 2009

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Gregory A. Bromen
HALLELAND LEWIS NILAN & JOHNSON P.A.
gbromen@halleland.com

William D. Hittler
HALLELAND LEWIS NILAN & JOHNSON
whittler@halleland.com

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Matthew J. Schad
SCHAD & PALMER
mschad@schadlaw.com

William Edwin Wendling Jr.
CAMPBELL KYLE PROFFITT LLP
wwendling@ckplaw.com

Amanda Lynn Yonally
O'RYAN LAW FIRM
ayonally@oryanlawfirm.com