UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DEBORAH SIEVEKING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:08-cv-0045-DFH-WGH |
| | ) | |
| RELIASTAR LIFE INSURANCE COMPANY and MADISON NATIONAL LIFE INSURANCE COMPANY, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

ENTRY ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Deborah Sieveking worked as a middle school teacher at North Harrison Community School Corporation for 24 years until December 2003, when she sought a leave of absence from her employer due to recurrent pneumonia, asthma, and restrictive lung disease. She did not return to work, and in September 2004 she sought benefits under her disability insurance policy issued by defendant Reliastar Life Insurance Company and administered by defendant Madison National Life Insurance Company, Inc. Believing that Sieveking's impairments affected her only intermittently and that she retained the ability to work as a teacher at a different location, defendants denied her claim initially and in three internal appeals. Sieveking then brought this suit under state law for breach of her insurance contract and breach of the covenant of good faith and fair dealing. The defendants have moved for summary judgment on Sieveking's bad

faith claim and have moved to exclude the testimony of one of Sieveking's proposed experts. Because it was not a party to the insurance contract, Madison National also moves for summary judgment on Sieveking's breach of contract claim. The court heard argument on defendants' motions on June 16, 2009.

When deciding a motion for summary judgment, the court considers those facts that are undisputed and views additional evidence, and all reasonable inferences drawn therefrom, in the light reasonably most favorable to the non-moving party. See Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The issue is whether a reasonable jury might rule in favor of the non-moving party based on the evidence in the record. *Anderson*, 477 U.S. at 251-52.

Viewed in the light most favorable to Sieveking, the court finds sufficient evidence in the record from which a reasonable jury could infer bad faith by the defendants in their handling of Sieveking's claim for disability benefits. Under Indiana law, an insured may recover for the tort of bad faith upon a showing that the insurer engaged in practices such as: "(1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of [her] claim." See *Erie Ins. Co v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993). Here, the record shows that the initial decision to deny Sieveking's claim for disability benefits was made in less than 48 hours and

without a review of – indeed, without a request for – her medical records.  R. 293-94.  Although her doctor indicated in his "Attending Physician Statement" that he "did not know for sure" whether Sieveking could work in a different school, Sieveking's denial letter misinformed Sieveking that her doctor had stated that she *could* perform her duties as a teacher in a different school.  R. 293-96.  And, although the key term was not defined by Sieveking's policy, defendants administered and denied Sieveking's claim pursuant to an interpretation of "regular occupation" that effectively expanded Sieveking's "regular occupation" to include any teaching job in the national economy, a construction that the defendants now concede was unreasonable.  Defendants adhered to this analysis, also, when a jury might reasonably find that it was sufficiently clear that the problem was not the particular building or classroom where Sieveking worked.

When Sieveking appealed defendants' denial for the third time, defendants requested an independent outside review of Sieveking's claim by *both* a pulmonologist and a rheumatologist, but did nothing to follow up when they received a review only from a pulmonologist. Pl. Ex. 5.  Finally, defendants relied on a pattern in which Sieveking would go to work, develop serious pulmonary problems, stay away from work for hospitalization and/or other treatment, recover to some extent, and then return to work, when the cycle would start all over again.  Defendants seem to have interpreted this pattern as showing that Sieveking's impairments affected her only intermittently, so that she was not totally disabled, when the pattern could easily be interpreted as showing that she simply was not

able to hold a steady job because of her illnesses. To be sure, defendants have come forward with substantial evidence that would also allow a jury to find that they acted in good faith. But Sieveking is entitled to the benefit of conflicts in the evidence and favorable inferences from the evidence. A reasonable jury could find on this record that defendants' refusal to pay Sieveking's disability benefits claim was made in bad faith.

Defendant Madison National also argues that because it was not a party to the insurance contract underlying this dispute, it cannot be held liable for breach of contract or for bad faith under Indiana law and thus it should be dismissed from Sieveking's lawsuit. Its motion is granted with respect to Sieveking's breach of contract claim. See *Rodriguez v. Tech Credit Union Corp.*, 824 N.E.2d 442, 447 (Ind. App. 2005) ("Generally, only a party to the contract can be held liable for its breach because contractual obligations are personal in nature."). But the tort of bad faith under Indiana law is not based entirely on privity of contract. The relationship of insurer to insured is at times fiduciary in nature. *Erie*, 622 N.E.2d at 518. As the administrator of Sieveking's claim and the employer of those persons who actually made the decisions to deny her claim, Madison National owed Sieveking a fiduciary duty to administer her claim in good faith. Its motion is denied as to Sieveking's bad faith claim.

Finally, defendants move to exclude Sieveking's expert Robert V. DiLisio. DiLisio, an attorney who has worked in various positions within the disability

Case 4:08-cv-00045-DFH-WGH   Document 114   Filed 06/23/09   Page 5 of 6 PageID #: 2278

insurance industry, has offered testimony regarding industry practices for conducting a fair and thorough investigation of a disability claim, and will offer his opinion as to how defendants deviated from those practices in processing Sieveking's claim. Defendants argue that, because DiLisio cannot offer testimony regarding their state of mind when processing Sieveking's claim, his testimony would be irrelevant and would not assist the jury. The court disagrees. A lay jury unfamiliar with the insurance industry could be aided by an expert's explanation of how a disability claim should be processed, and DiLisio's proposed testimony will be relevant to the jury's ultimate determination of whether defendants' actions and inactions amounted to bad faith in this case. Defendants' motion to exclude DiLisio's testimony is denied.

*Conclusion*

Defendants' motion for summary judgment on Sieveking's bad faith claim is denied. Defendant Madision National's motion for summary judgment on Sieveking's breach of contract claim is granted. Defendants' motion to exclude the testimony of Robert DiLisio is denied.

So ordered.

Date:  June 23, 2009

_David F. Hamilton_
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:
-5-

Gregory A. Bromen
HALLELAND LEWIS NILAN & JOHNSON P.A.
gbromen@halleland.com,dbunnell@halleland.com

William D. Hittler
HALLELAND LEWIS NILAN & JOHNSON
whittler@halleland.com,fflores@halleland.com

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Matthew J. Schad
SCHAD & PALMER
mschad@schadlaw.com,ckruer@schadlaw.com

William Edwin Wendling, Jr.
CAMPBELL KYLE PROFFITT LLP
wwendling@ckplaw.com,ahaworth@ckplaw.com

Amanda Lynn Yonally
O'RYAN LAW FIRM
ayonally@oryanlawfirm.com